1   Daniel A. Bernath, California Bar 116636
2   ussyorktowncvs10@yahoo.com
3   Mailing: 1319 Kingswood Ct., Ft Myers FL 33919
4   503 367 4204

5

6   Attorney for Plaintiffs and those similarly situated

7

8

9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11

12
13   Lily Jeung,  Amy Sayers, and Darren)   No.   CV14-06223 FMO (ASX)
14   Walchesky, on behalf of themselves )
15   and all others similarly situated        )   Motion to take Default of Yelp, Inc.
16                                             )   Motion for monetary sanctions
17                                             )   against Yelp, Inc. and in-house
18                                             )   Aaron Schur,
19   Plaintiffs,                               )   Motion that deposition of CEO
20                                             )   Jeremy Stoppeman and Vice
21                                             )   President controlling writers
22   vs.                                       )   be permitted after presently set
23                                             )   discovery cutoff date or until
24   Yelp, Inc.                                )   completed
25                                             )   Motion that new mediation be
26   Defendant.                                )   Ordered, Yelp, Inc. pays

27   NOTICE IS HEREBY GIVEN that plaintiffs shall make and do make a

28   Motion to have the Court take the Default of Yelp, Inc., for abusing and

29   intentionally disrupting the Court Ordered Mediation Program, for

30   unethical attempts to wear down Plaintiffs Counsel and Plaintiffs so as to

31   disrupt this Court's proceedings and that the Court order that a new

*[handwritten in right margin: Counsel met 4.17.15 LR 7-3 Motion Rule 16 NOT A DISCOVERY MOTION BUT PARTY COUNSEL HAVE MET AND CONFERRED 10 DAYS PRIOR TO FILING]*

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1 mediation take place and that Yelp, Inc. is placed into a default status until

2 the new mediation is accomplished, that Yelp, Inc. and Aaron Schur pay to

3 Plaintiffs and counsel all travel expenses for the bad-faith mediation and all

4 expenses for the new mediation and that Yelp, Inc. pay into the Court's

5 Mediation component the sum of $75,000 or some other sum to deter Yelp,

6 Inc. from bad faith acts in the future.

7 This motion is made upon the declaration of Plaintiffs' attorney Daniel A.

8 Bernath and the Memorandum of Law and Exhibits thereto.

9 April 15, 2015

10 *Daniel A. Bernath*

11

12            Declaration of Daniel A. Bernath, attorney for Plaintiffs

13    1. Yelp, Inc's reputation is that it operates an extortion type business against small

14       businesses by placing reviews of restaurants and other small businesses which

15       praise the business into a discrete and hard to reach area on its publication. Yelp,

16       Inc., places the business destroying reviews in prominent places.

17    2. The sales department of Yelp, Inc. then follows up with hints that the good

18       reviews can go back to being seen and the bad reviews can be pushed down *if*

19       advertising is purchased from Yelp. The 9th Circuit, surprising has said that this

20       is merely hard bargaining by Yelp and not extortion. The US Supreme Court and

21       the other Circuits have not yet provided their opinions.

- 2 -

1   **3.** Indeed, other judges have not agreed around the country, calling Yelp a species of

2       organized crime.  At least two judges have said Yelp, Inc. is the modern day "Mafia."

3   **4.** n April 26, 2013, after hearing sworn testimony from a Yelp executive, Trial Judge

4       Peter S. Doft in San Diego California ruled that Yelp uses brazen and audacious

5       extortion techniques against helpless small businesses. The Court also declared that

6       Yelp! twists the law to make it say the exact opposite of settled legal principles. The

7       San Diego Judge stated: ***Yelp! is "is the modern-day version of the***

8       ***mafia.***.I'm just stunned actually I mean, every single bit of settled law is twisted

9       around by [Yelp! ]. Everything is twisted around."

10  **5.** Also in 2013, Oregon Circuit Court Judge Henry Kantor revealed that Yelp is under

11      investigation by the attorney general and that Yelp, Inc., appears to act like

12      ***"organized crime."*** A search of google.com with the words ***"Yelp Extortion"***

13      reveals 76,800 results and ***"Yelp blackmail"*** turns up 80,400.

14              **1. Aaron Schur and Yelp, Inc. attempts to drive**

15                      **Plaintiffs' counsel off of this case**

16                  **discourage any other lawyer from suing Yelp, Inc.**

17                      **by filing a complaint with false statements**

18              **with the California State Bar against Plaintiffs' lawyer**

19

20  **6.** California attorney Aaron Schur, Yelp, Inc. major stockholder, in-house counsel

21      for Yelp, Inc. and defendant's counsel on this matter has filed a specious

22      complaint against me with the California State Bar.  It is a frivolous complaint

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    meant merely to wear down Plaintiffs and Plaintiff's counsel and to disrupt these

2    proceedings.  It is meant to get me to withdraw as counsel for these plaintiffs and

3    to discourage any other lawyer from representing Plaintiffs against Yelp, Inc.

4    ***"The cost is too high for lawyers in suing Yelp, Inc.",*** is the message

5    from Yelp, Inc.

6  7.  ***"You will lose your license to practice law if you represent plaintiffs***

7    ***who sue Yelp, Inc."*** is being broadcast to all lawyers by Yelp, Inc. and Aaron

8    Schur, Esq.

9  **8.**  As word "on the street" (said Yelp's other lawyer) spread about this hard-ball

10    extreme act by Aaron Schur, Esq. and Yelp, Inc., and seeing how bad this obvious

11    attempt to disrupt these proceedings look for Yelp, Inc., Aaron Schur "withdrew"

12    the bar complaint.  But the damage had been done and the "message" by Aaron

13    Schur and Yelp, Inc., to the entire bar of California was received by every

14    California lawyer.

- 4 -

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**



**THE STATE BAR**
**OF CALIFORNIA**

OFFICE OF THE CHIEF TRIAL COUNSEL
ENFORCEMENT
Jayne Kim, Chief Trial Counsel

845 SOUTH FIGUEROA STREET, LOS ANGELES, CALIFORNIA 90017-2515

TELEPHONE: (213) 765-1000
FAX: (213) 765-1318
http://www.calbar.ca.gov

DIRECT DIAL: (213) 765-1616

March 13, 2015

**Sent via US mail and email: UssYorkTownCVS10@yahoo.com**

Daniel Bemath
1319 Kingswood Ct.
Fort Myers, FL 33919

Re:                     Case Number:       13-O-14986
                        Complainant:       AAron Schur

Dear Mr. Bemath:

The State Bar received a complaint from Aaron Schur alleging the following:

On or about 7-20-13, you created the website, www.yelpclassaction.info. Between July 2013 to 1-1-14, you improperly solicited clients when you identified yourself as an attorney, while you were on Inactive status. You also used social media, such as www.Linkedin.com and www.facebook.com to advertise your services as an attorney to prospective clients in California (attached). By improperly soliciting clients, you engaged in the Unauthorized Practice of Law (UPL).

Additionally, you also created an account on Yelp under the pseudonym *Alan Smithee*, using the screen name, "Alan S" and identified yourself as an attorney on 7-5-13 (attached).

Your written response to these allegations along with any supporting documentation is requested. **All** documents that you send to the State Bar, whether **copies or originals**, become State Bar property and are subject to destruction. In addition, please provide the information requested below and legible copies of referenced documents:

1.  Please provide a copy of www.yelpclassaction.info website from the time of its creation to present, including all changes made to the website.

2.  Why did you identify yourself as an attorney prior to 1-1-14 when you were on Inactive status?

3.  What was the purpose of the yelpclassaction.info website?

4.  Please explain why you provided legal advice to "Yelp Memphis" on the attached documents.

5.  Please explain why you identified yourself as a "Lawyer" on the attached Yelp Admin page?

1

- 5 -

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

9. I told the State Bar I did not post violate any bar rules, I did not give legal advice, I did not post any such statements to Yelp, Inc.

10. Yelp, Inc. was making it so expensive to represent clients against Yelp, Inc., that no lawyer would risk his bar membership for clients.  Thus, Aaron Schur and Yelp, Inc. have violated the California Rules of Professional Conduct which instructs California lawyers to not refuse representation to clients who may have unpopular causes, or in this instance, a defendant who uses mafia type tactics which are an offense to this Court's proceedings.

11. It appears that Aaron Schur, using its massive and superior knowledge of the internet and internet technology, posted something from an "Alan Smithee", attributed that publication by Yelp, Inc. to me and then filed the false and frivolous charge against me with the California Bar.  This, again, as part of Yelp's practice as outlined by a California judge and Oregon judge as acting as the "mafia" to win by any technique or unethical antics.

12. Yelp, Inc.'s and Aaron Schur's technique is that now, no matter what I say on behalf of my clients, no matter how I conduct myself, no matter what I file in this case, that Yelp, Inc. and Aaron Schur will file another frivolous complaint against me with the California Bar **so as to make me timid** in prosecuting to obtain the wages that Yelp, Inc. has taken from my clients through their clever mis-classification of these plaintiff writers.

- 6 -

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1      **Yelp's disrupting the Court Ordered Processes**

2      **2.  Attempting to delay by all means and methods**

3      **to set the mediation**

4      **after Yelp could report this Judge**

5      **to the Chief Judge for not ruling on**

6      **Yelp's motions quickly enough in Yelp's opinion**

7    **13.** The Court ordered this matter to mediation.

8    **14.** We were then required to choose a date for the mediation.  I, as Plaintiffs' counsel

9        said that I was ready now in the next few weeks.

10   **15.** Yelp insisted that the mediation take place as far into the future, demanding a

11       **mid June date in 2015.**

12   **16.** I of course protested this tactic of Yelp, Inc.

13   **17.** The mediator had to step in and remind the parties that he was ordered to

14       complete the mediation as soon as practicable and then gave several dates-some

15       soon but the ***last*** date he suggested was April 14, 2015.

16   **18.** I, plaintiffs' counsel agreed to that date so as to get the case moving but requested

17       that it be set forward by one week because on the week following April 14, 2015, I

18       have to attend a seminar in Florida of two days.

19   **19.** Without explanation, Aaron Schur, Yelp, Inc. et al., refused to stipulate to any

20       other date but April 14, 2015.

- 7 -

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

**20.** Thereafter defendant then dropped a "Joint Statement" on me to sign which stated that the Court was tardy in ruling on Yelp's motion and this must go to the Chief Judge.

**21.** I signed the joint statement but added words above my signature that Yelp, Inc. had intentionally pushed this mediation as back as possible to disrupt the mediation process ordered by the Court. This bad act by Yelp, Inc. so as to trigger the "Joint Notice" where they wanted the Chief Judge to chastise this judge for being tardy on deciding Yelp's frivolous but voluminous motions, prior to the mediation so as to disrupt the mediation.

**22.** Defendant's counsel refused to file the Joint Statement!

**23.** Instead (contrary to the rules) Yelp, Inc. filed a separate statement whereby they informed the Chief Judge that the instant judge was taking too long in ruling on Yelp's motions and never made a mention of why I had not signed the statement, thus deceiving this Court again by failing to disclose all facts.

**24.** Yelp made no mention that I had signed the joint statement so to further disrupt these proceedings, Yelp, Inc., deceitfully, made it appear that I refused to sign the joint statement.

**25.** Thereafter, Yelp Inc. but filed another statement that was required to be Joint. Yelp, this time, to further deceive this court and disrupt

- 8 -

1    these proceedings, said that its other voluminous but frivolous motions had not

2    been ruled upon.

3    **26.**                              Yelp never even contacted me for my signature as

4    they went off to the Chief Judge to so inform, thus leaving the deceitful

5    impression that I had refused to sign the second Joint Statement.

6    **27.**                              In fact, Yelp merely filed the Joint Statement but

7    never even told me.  I was told of this latest Notice to the Chief Judge only when I

8    received Notice from Pacer that there was "new activity" in this case.

9    **28.**                              Yelp, refused to change the mediation date to any

10   other date and gave no reason whatsoever, thereby disrupting my meet-and-

11   confer with Yelp, Inc., to take the deposition of the percipient witness Jeremy

12   Stoppelman and the Vice President in charge of controlling the unpaid writers.

13   **29.**                              Indeed, Yelp, Inc. was playing this shell game in the

14   meet-and-confer negotiations I was making with Yelp, Inc.  Yelp, Inc. sought to

15   deceive and did in fact deceive by stating that if I indeed carry about my

16   reasonable request to take the depos of the two officers of Yelp on the day after

17   the mediation as all attorneys were together at the time that such a request would

18   poison the mediation.

19   30. In fact, this was another deception by Yelp, Inc. and interference with the Court's

20   processes as Yelp said firmly that it offered nothing, that it was always their view

21   and would always be their view and **nothing I could or could not do to**

22   **streamline the litigation would have any effect on this stone wall**

- 9 -

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1 **/scorched earth, litigation tactic.** Yelp thus deceived, myself, an Officer of

2     the Court as part of its scorched earth litigation tactics.

3  **31.** Yelp, Inc.'s attorney has telegraphed that the Notice and discovery etc., must be

4     better than perfect or he will file a motion to quash on any perceived technical

5     error to disrupt the discovery process as well and that I can expect no cooperation

6     or professional courtesy to smooth along this litigation to ease the burden on the

7     US District Court.

8  **32.**          The mediation was set for a deposition company's

9     conference rooms in Irvine and to be economical with my clients money, with

10     Yelp's schedule and to not wear me down by multiple trips cross country, I gave

11     Notice to take the deposition of these two at the deposition company in Irvine

12     where all the lawyers would be present from the day before.

13  **33.**          Yelp, Inc. absolutely refuses and promised several

14     frivolous motions including an **"Apex Motion"** stating that Stoppelman, (even

15     though Stoppelman **personally** fired and supervised writers, set up systems to

16     manipulate reviews, instructed writers who and whom they could not write

17     about, etc.), could not have his deposition taken. He is a percipient witness that

18     had unique knowledge of the facts.

19  **34.**          Even though I attempted to informally resolve this

20     for the economical savings of judicial economy and in both money and wearing

21     me down, Yelp, Inc. refused. Its attorney promised the frivolous motions,

22     signaled a scorched earth litigation tactics, to slow things down the Court's

- 10 -

1    processes further and stated that they **would not "produce"** these percipient

2    witnesses without some litigation fight.

**35.**      Just prior to the mediation (which defendant Yelp, Inc. insisted be done on April 14, 2015 without any changes), Yelp, Inc. attorney Aaron Schur informed the mediator that he was just not going to come!  He said that he had an **"immovable" appointment** that somehow took precedence over a Court ordered mediation.  (Please recall that Yelp, Inc. insisted and caused the mediator to threaten withdraw from this case  and  the mediation process if Yelp would not agree to a date and Yelp, Inc. insisted on April 14, 2015, the date of this mysterious and more-important-than-the-Court's Ordered mediation.)

**36.**      I observed that Aaron Schur had no such "immovable" appointment where he could defy a US District Court Judge's Order.  He appear at the mediation the entire time.

**37.**      Indeed, I saw the office staff scurry around to install a speaker phone and Aaron Schur appeared at all times that way and there was no "immovable" appointment of mysterious urgency, more important than obeying a Court's Order.

**38.**      Aaron Schur appears to have just blatantly lied to the Court's mediator when he said he could not be there as he defied the Court Ordered mediation.

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

**39.**       I requested this particular mediator because of his experience with wage and classification collective actions. He even lectures other lawyers for CEB on wage collective actions and has produced a practice guide.

**40.**       As such, I told Schurr and Yelp, Inc. that this mediator was thus superior to any other panel mediator as my clients and their client would give his word great weight given his respect and knowledge in this area of the law.

**41.** Drawing on this experience at mediation and this wage, misclassification of workers area of the law, the mediator stated to all of us that because these wage collective actions are so detailed that he could not appear for only half a day. He then said that he would do it for a full day and we would have to pay a few thousand dollars extra for the longer uses of the 2 or 3 conference rooms, lunch, his time, etc.

**42.**       But, this was all another trick and disruptive tactic by Aaron Schur and Yelp, Inc. to wear down and discourage plaintiffs and plaintiffs' counsel from continuing with the lawsuit and running up plaintiffs costs (plaintiffs are mere working class people laboring at or above subsistence level but have to pay costs of this litigation as against the ***"Billion Dollar Bully"***-title of documentary movie being produced about Yelp, Inc.).

**43.**       Yelp, Inc., stated earlier that if I insisted on my economical plan of taking the deposition of Stoppelman and the other executive in the same building, with all lawyers present from the mediation the day before

- 12 -

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    that he would make a motion to quash and **"would not produce" the**

2    **witnesses**.

3  44. **The mediation:** it was all part of the scheme by the "mafia" "Billion Dollar

4       Bully", styled Yelp, Inc. to wear down plaintiffs and plaintiffs' counsel. We

5       starting at 9:30 a.m. according to Notice.

6  45. He had a firm grasp of our positions and ferried between our conference rooms.

7       Alas, by noon, the mediator told me that their offer was zero. The mediator told

8       me that he had a firm grasp of each sides position and valiantly stuck to his duties

9       to find a middle ground but Yelp, Inc. with Aaron Schur, present only by speaker

10      phone with no "immovable appointment" said again that they would pay zero for

11      the labors the writer-plaintiffs had produced for "Billion Dollar" defendants.

12 46. Thus, the mediator could have taken place within a minute, by video conference

13      or some other means. But Yelp, Inc. had all along, as a disruptive litigation tactic,

14      merely intended to wear down plaintiffs and plaintiffs' counsel, run up plaintiffs'

15      costs to win by attrition and discourage any other lawyer from suing Yelp, Inc. on

16      behalf of a harmed plaintiff.

17 47. The mediator told me that he had to give up a full day of his professional time to

18      use his considerable skills on our and the Court's behalf.

19 48. The mediator gave up his professional time and traveled from his "small mission

20      town" near San Diego to the mediation even though the mediation was a failure

21      and engineered by Yelp, Inc. as such to be as damaging to Plaintiffs and plaintiffs'

22      counsel as possible.

- 13 -

**MOTION TO TAKE DEFAULT OF YELP
SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND
YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS
MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    49. **Defendant's successful actions to wear down Plaintiffs and run up**

2        **litigation costs:** I will be 66 years old this year. I have been a member of the

3        US District Court bar for 30 years.

4    50. I am 100% US Navy service connected disabled and limit my law practice

5        because of this.



6    51.                                                                    The stress

7        that Yelp caused to me, intentionally, caused for an outbreak of painful shingles.

8        My shingles manifested in skin outbreaks along bands on my left side of my torso

9        and my skin to break open as if I had been stabbed, above my spinal column. Of

10       course, I could have requested that the mediation take place at a time when the

11       shingles had passed but Yelp's litigation strategy would have them sneeringly

12       deny any such request. Therefore, I flew from Ft Myers Florida to Irvine

13       California in severe pain.

- 14 -

1   52. I walked from John Wayne Airport to the deposition conference rooms, for a total

2       of 40 minutes in this pain.  I could locate no transportation and the busses in

3       Irvine run every hour or so.

4   53. I was in pain during the morning but again, a good and professional lawyer will

5       soldier through for his clients regardless of personal infirmities.

6   54. As Yelp, Inc., revealed its disruptive mediation tactics at about noon and as a bus

7       to the airport comes around every hour or so, I again walked, in pain back to

8       John Wayne Airport.  Even though aware of my age, the pain from the walk from

9       the airport, my brother counsel for Yelp, Inc., refused to and did not offer me a

10      ride to the airport-which would have taken him 5 minutes on his way back to

11      Pasadena.

12  55. I thus walked back to the airport, dragging my notes in a roller deployed luggage

13      and other objects in the noon-day-Sun for 45 minutes or so.

14  56. As the mediation was revealed to be a Yelp, Inc., mockery so early in the day, I sat

15      at the airport for 5 hours on the hard seats in pain.  I had to sit sideways as the

16      Shingles sores are directly on my spine.

17  57. I then flew from Santa Ana,

18      to Phoenix,

19      to Charlotte and then to

20      Ft Myers Florida.

21  58. I arrived at 9 a.m., **having left California at about 8 p.m. the day before**

22      **after waiting in the airport all afternoon and into the evening.**

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    59. The walking from the airport to the deposition conference rooms and back took

2        appoximately 2 hours.  The walking from one distant gate to the other also took a

         long time.



60.                    I estimate that on the day of the disruptive mediation I have walked seven miles in extreme pain and exhausted.  The forced marching to carry out this Honorable Court's Order and on behalf of my clients, caused me to develop a blister, right foot, big toe.

61.                    Indeed, when I got

11       on the shuttle bus to take me to my car in the Ft Myers parking lot, because of my

12       fatigue, I was bent over at my back and my leg would not go up high enough and I

13       stumbled on the steps.

14   62. My head was set to impact the floor of the bus but the driver quickly sprang up

15       and caught me and said, ***"I got ya, old timer!"***

16   63. After I survived this Yelp, Inc. and Schur engineered ordeal, I noticed that both

17       my feet and ankles exhibit numbness, (as if I were wear boots even though I am

18       actually wearing no socks and short pants).  My primary care physician at

19       Veterans Affairs is concerned and has set up an appointment to exam if my

20       ordeal has permanently harmed me.

21   64. I informed Aaron Schur and Yelp, Inc. that I was bringing this motion for

22       disrupting the mediator process and cited them the authorities cited here as well.

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    65. I therefore move this Court for the sanction that Yelp, Inc. be placed in a default

2         status,

3    66. –that another mediation take place at Yelp,Inc.s expense for Plaintiffs' travel,

4         hotel, etc., at a Los Angeles airport hotel **to take Yelp, Inc. out of default,**

5    67. **That the discovery cut off be extended until after the deposition of the**

6         **two Officers of Yelp be concluded and that Yelp for all those costs for**

7         **the new mediation, the travel back to LAX for the depositions,**

8    68. That Yelp, Inc. (a multi million dollar company, the subject of a documentary

9         titled "Billion Dollar Bully", where the founding fathers have sold stock of

10        $85,000,000 according to SEC filings) pay into the Court's Mediation and

11        Operating budget the sum of $85,000.

12   I declare under penalty of perjury that the foregoing is true and correct and that this

13   declaration is of my own personal knowledge and was made at Ft Myers Florida 4. 16,

14   2015

15   _[signature]_

16   **Daniel A. Bernath**

17
18

19

20

21

22

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1
                                   **MEMORANDUM OF LAW**

2

3
**Sanctions and moving the discovery cut off until the deposition of two**

4
**Yelp executives are concluded is well within this Court's powers to**

5
**regulate its processes, including mediation**

6

7
- Defendant lied to the Court's mediator about its "immovable"

8
  appointment that took precedence over a Court Order from this Court

9
- Defendant has undertaken a unethical campaign to wear down plaintiffs

10
  and plaintiffs' counsel by filing false charges against plaintiffs' counsel

11
  with the California Bar,

12
- Stating that the one minutes worth of mediation would take "all day"

13
  thereby disrupting the Court's mediator's calendar and other mediations

14
  for Courts,

15
- demanding that the mediation be set up after the time that their motions

16
  would trigger a Notice to the Chief Judge, to thus disrupt the mediation,

17
- refusing to stipulate to a new date for mediation so Plaintiffs' counsel

18
  could attend a weekend seminar in Florida, but for no other reason but to

19
  disrupt plaintiffs' counsel,

20
- Lied to this Officer of the Court that taking a required deposition would

21
  poison the mediation when in fact Yelp's position was scorched

22
  earth/stone walling/zero offer now and forever.

23

**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    "Courts have not hesitated,  sometimes *sua sponte,* to sanction a party that did not

2    abide by certain fundamental courtesies hat went beyond filing the required documents

3    and showing up with the proper representatives"[1]:

4    "While [it has been] suggested that, as a matter of law, the Court is powerless to

5    sanction parties for actions relating to settlement and mediation conferences, plainly

6    under Rule 16 this is not correct. Quite the contrary, it is well settled that Rule 16 "is the

7    usual vehicle for imposing coercive or punitive sanctions in these circumstances."

8    O'Donnell v. Pennsylvania Department of Corrections,

9    2011 U.S. Dist. LEXIS 11438, *18 (M.D. Pa. Feb. 4, 2011) (quoting Taberer v. Armstrong

10   World  Industries, Inc., 954 F.2d 888, 892 n.3 (3d Cir. 1992)).

11

12

13   Defendant's unenlightened corporate policy of 'we never pay' imposes unnecessary

14   burdens on the resources of this court, and grossly violates both letter and spirit of this

15   court's ADR plan." See Acquisto v. Manitowoc Fsg Operations, 2012 U.S. Dist. LEXIS

16   144055, *8 (W.D.N.Y. Aug. 1, 2012).

17   "If your client is taking a no-pay position, let everyone know – well before the

18   mediation" (Forer) ("Had [defendant] told me it had considered the case and was

19   unequivocally at a 'no pay' position, I would have cancelled the conference.").

[1] Can Sanctions be Applied for Bad Faith in Court-Ordered Mediation?
By Charles F. Forer, Esquire

**MOTION TO TAKE DEFAULT OF YELP
SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND
YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS
MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1   "Do not jerk the other side around"[2]. See, e.g., HSBC Bank USA v McKenna, 952 N.Y.S.

2   2d 746, 766 (Sup. Ct. 2012) ("the Court finds sufficient support in the record for [the]

3   determination that [lender] failed to 'negotiate in good faith' with respect to

4   [borrower's] second proposed short sale in failing to promptly approve the sale, in

5   unnecessarily prolonging and delaying the review and approval process, and in

6   obtaining successive appraisals that became the basis for increased demands, all without

7   any showing that its conduct was likely to yield a higher net return through a delayed

8   foreclosure sale") (citation omitted).

9

10  See, e.g., Texas DOT v. Pirtle, 977 S.W.2d 657, 658 (Tex. App. 1998) ("... the DOT

11  attended the mediation but refused to participate. . . . We find that it is not an abuse of

12  discretion for a trial court to assess costs when a party does not file a written objection

13  to a court's order to mediate, but nevertheless refuses to mediate in good faith.").

14  *Daniel A. Bernath* 4.16.2015

15
16      I swear under penalty of perjury on 4.16.2015 that have served this motion upon Yelp,
17      Inc. by and through their counsel but also by US Mail to:
18      **Aaron Schur, Attorney at Law**
19      **Yelp, Inc.**
20      **140 New Montgomery St**
21      **Fl 9.**
22      **SAN FRANCISCO CA 94105-3705**
23
24

---

[2] Charles F. Forer is a member in the Philadelphia office of Eckert Seamans Cherin & Mellott, LLC, where he practices all types of Alternative Dispute Resolution, both as a neutral and as counsel to parties engaged in ADR. He is a former co-chair of the Philadelphia Bar Association's Alternative Dispute Resolution Committee.

**MOTION TO TAKE DEFAULT OF YELP
SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND
YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS
MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1  Daniel A. Bernath, California Bar 116636
2  ussyorktowncvs10@yahoo.com
3  Mailing: 1319 Kingswood Ct., Ft Myers FL 33919
4  503 367 4204

5

6  Attorney for Plaintiffs and those similarly situated

7

8

9        UNITED STATES DISTRICT COURT
10       CENTRAL DISTRICT OF CALIFORNIA

11

12
13  Lily Jeung,  Amy Sayers, and Darren )  No.   CV14-06223 FMO (ASX)
14  Walchesky, on behalf of themselves  )  **SUPPLEMENTAL DECLARATION**
15  and all others similarly situated      )  Motion to take Default of Yelp, Inc.
16                                                    )  Motion for monetary sanctions
17                                                    )  against Yelp, Inc. and in-house
18                                                    )  Aaron Schur,
19  Plaintiffs,                                   )  Motion that deposition of CEO
20                                                    )  Jeremy Stoppeman and Vice
21                                                    )  President controlling writers
22  vs.                                            )  be permitted after presently set
23                                                    )  discovery cutoff date or until
24  Yelp, Inc.                                    )  completed
25                                                    )  Motion that new mediation be
26  Defendant.                                 )  Ordered, Yelp, Inc. pays

27      Declaration of Daniel A. Bernath, attorney for Plaintiffs

28      More unethical conduct by Yelp, Inc., defendant

29  **1.** Yelp's complaint against me to the California State Bar has triggered Senior State Bar

30      attorney Erin Joyce (who gave her State Bar telephone number of 213 765 1316) to

- 1 -

1   directly contact my client Lily Jeung by telephone *AT HER JOB* thus placing

2   plaintiffs' job in jeopardy.

3   **2.** My client does not waive any attorney client communications, now and forever, in the

4       Yelp instigated frivolous complaint and will not speak to Erin Joyce or any other attorney

5       or person at the California State Bar, as Yelp explore every unethical avenue to disrupt

6       the Court's processes.

7   **3.** It appears that Yelp, Inc. has provided the State Bar discipline trial lawyer with **my**

8       **client's work telephone number** from Yelp's records and as a violation of my

9       client's privacy rights and did this to put Lily Jeung's job in jeopardy.  This unethical

10      pressure against plaintiff, so that my client will wish to withdraw from the case rather

11      than have to deal with the California State Bars intrusiveness into her life, along with

12      Yelp's blatant attempt to disrupt her family life (see below).

13  **Defendant Yelp, Inc.'s ongoing attempts to disrupt the Jeung family**

14  **And successful actions to damage Plaintiffs' uncle's businesses**

15  **4.** Lily Jeung, plaintiff has an uncle who owns and operates a restaurant and a medium

16      sized market.

17  **5.** Yelp, Inc. operatives have falsely stated that Lily owns the restaurant and the market.

18      She has no interest in those businesses whatsoever and is a woman who works for an

19      employer.

- 2 -

**\*SUPPLEMENTAL DECLARATION\*\***
**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1    **6.** Yelp, Inc. operatives have contacted Lily Jeung's Uncle and convinced him that because

2          of Lily Jeung's efforts to be paid for her labors for Yelp that his restaurant and market

3          have been "boycotted" by Yelp "Elites" and other followers of this cult-like Yelp.

4    **7.** Lily's uncle, <u>being urged to do so by Yelp, Inc.</u> personnel, has passed along Yelp's

5          threatening message that Lily Jeung must drop this lawsuit for back wages and that

6          because Lily is use this legal process to get what is owed her that Lily is **"making**

7          **trouble for the family**" and "**causing drama**" and is hurting her Uncle's

8          business. Yelp has convinced the Uncle that going to court to settle disputes is "stirring

9          the pot" and that plaintiff Lily Jeung should "**just let it go**" because the wages

10         recovered from Yelp in this lawsuit will be very small compared to the Jeung businesses

11         being forced into failure and bankruptcy.

12   **8.** Yelp operatives have also told Lily's Uncle several lies about Lily to draw a wedge

13         between the family members.

14   **9.** Yelp operatives have told Lily's family members that Lily plagiarized her writings, all in

15         an attempt to make Lily look bad to her family.

16   **10.**                    Lily's uncle will not even speak to Lily because of Yelp's

17         disruptions within the Jeung family, which Yelp has convinced the Uncle is "stirring the

18         pot" and causing customers to boycott his restaurant and market.

19         **a.** Thus, Yelp continues its mafia like techniques

20               to drive a wedge between plaintiffs' counsel and plaintiffs;

21         **b.** cause Lily Jeung to become discouraged and let the theft of her services go un-

22               remedied,

-3-

**\*SUPPLEMENTAL DECLARATION\*\***
**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

1     c.   cause the Jeung family to be torn apart.

2     d.   Make the use of this Court so burdensome to plaintiffs' counsel, having to defend

3          against the Yelp frivolous California State Bar complaint that I, and any other

4          attorney would think-twice before suing Yelp, Inc.

5  **11.** Plaintiffs' family business is hurting financially now and Plaintiffs' uncle blames Yelp's

6     boycotting of the Jeung businesses.  Yelp is doing this boycott and defamation about the

7     Jeung family because it mistakenly believes that the restaurant and market is owned by

8     Plaintiff Lily Jeung-it is  not.  She has no interest in that business of any degree.  Even if

9     she did, Yelp, Inc. may not drive a restaurant and a market out of business because a

10    person uses this Court  to enforce her rights and seek her remedies for having her labors

11    stolen.

12  12.  The only way that the Yelp operatives (aka as "Billion Dollar Bully") could make the

13    assumption that plaintiff Lily Jeung owns any business is by searching business filings

14    and records that a Jeung owns the businesses and then incorrectly assuming that *a* Jeung

15    is a Jeung-thus beginning their mafia like attack on the market and restaurant.

16  I swear under penalty of perjury that the foregoing is true and correct.

17  Daniel A. Bernath

18  I swear under penalty of perjury that on 4.16.2015 that have served this motion upon Yelp,
19  Inc. by and through their counsel but also by US Mail to:
20  **Aaron Schur, Attorney at Law**
21  **Yelp, Inc.**
22  **140 New Montgomery St**
23  **Fl 9.**
24  **SAN FRANCISCO CA 94105-3705**
25
26

**\*SUPPLEMENTAL DECLARATION\*\***
**MOTION TO TAKE DEFAULT OF YELP**
**SANCTIONS AGAINST AARON SCHUR, ATTORNEY AND**
**YELP, INC.; EXTEND DISCOVER DEADLINE TO TAKE DEPOSITIONS**
**MONETARY SANCTIONS TO TAKE DEPOS, TRAVEL, EXPENSES**

- 4 -