UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 14-6223 FMO (ASx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | Lily Jeung, et al. v. Yelp, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

The court has reviewed and considered all the briefing filed with respect to defendant Yelp, Inc.'s ("defendant" or "Yelp") Motion to Transfer Under 28 U.S.C. § 1404(a) ("Motion") and concludes that oral argument is not necessary to resolve the Motion.[1] See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

Plaintiffs Lily Jeung ("Jeung"), Amy Sayers ("Sayers"), and Darren Walchesky ("Walchesky") (collectively, "plaintiffs") filed a class action Complaint on August 7, 2014, alleging, among other things, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").[2] (See Complaint at ¶¶ 85-90). Plaintiffs contend that Yelp, which "owns and operates websites that feature information about businesses that include ratings, reviews, photos, etc.," is an "employer" that "profits off the unpaid work of reviewers." (Id. at ¶¶ 1, 6 & 11). Plaintiffs allege that Yelp is "unjustly enriched by the unpaid labors" they provide, and the work they have done – which includes "writing, researching, editing, lodging reviews, upgrading prior reviews, and generally promoting the site" – is "central to Defendant's business model as a publisher." (Id. at ¶¶ 14-15).

Sayers is an individual domiciled in Portland, Oregon, who has written over 500 reviews for Yelp. (See Complaint at ¶ 20). Jeung is an individual domiciled in Los Angeles, California, who has written approximately 1,100 reviews for Yelp. (See id. at ¶ 24). Finally, Walchesky is an individual domiciled in Pittsburgh, Pennsylvania, who has written over 1,200 reviews for Yelp. (See id. at ¶ 27). All three plaintiffs allege that they were "often directed to write more reviews"

---

[1] Defendant also moves to stay the case pending a ruling on the instant Motion, (see Motion at 1 & 14-16), which the court concludes is moot with the issuance of this order.

[2] Plaintiffs also allege quantum meruit and unjust enrichment. (See Complaint at ¶¶ 91-103).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6223 FMO (ASx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | **Lily Jeung, et al. v. Yelp, Inc.** | | |

if Yelp felt their "production seemed to slack off." (Id. at ¶¶ 21, 25 & 28). Additionally, Sayers and Jeung were "fired from [their] position[s] with no warning, a flimsy explanation," and no opportunity for "recourse." (Id. at ¶¶ 22 & 26).

Defendant seeks to transfer venue to the Northern District of California, on the grounds that plaintiffs "repeatedly agreed to Yelp's forum selection clause, and because the convenience of the parties and the interests of justice favor transfer." (See Motion at 1). Defendant contends that since at least January 2007, Yelp's Terms of Service included, in relevant part: "For any claim brought by either party, you agree to submit and consent to the personal and exclusive jurisdiction in, and the exclusive venue of, the state and federal courts located within San Francisco, California." (Id.).

## LEGAL STANDARD

A district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964) (internal quotations and citation omitted), superseded by statute on other grounds. A motion for transfer lies within the broad discretion of the court and must be determined on an individualized basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.), cert. denied, 531 U.S. 928 (2000).

To support a motion for transfer, the moving party must first show "that venue is proper in the transferor district," and "that the transferee district is one where the action might have been brought[.]" Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F.Supp. 503, 506 (C.D. Cal. 1992). If these two conditions are satisfied, the court must then weigh multiple factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice. The court's consideration includes: (1) the location where the relevant agreements were negotiated and executed; (2) the contacts relating to the plaintiff's cause of action in the chosen forum; (3) the plaintiff's choice of forum; (4) the state that is most familiar with the governing law; (5) the differences in the costs of litigation in the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (7) the convenience to parties and witnesses. See Jones, 211 F.3d at 498-99; Lopez v. Chertoff, 2007 WL 2113494, *2 (N.D. Cal. 2007). In addition, the presence of a forum selection clause is a "significant factor." Jones, 211 F.3d at 499.

## DISCUSSION

I.   PRELIMINARY FACTORS.

The court first determines whether venue is proper in the transferor district, and whether the case could have been brought in the transferee district. See Goodyear Tire & Rubber Co., 820

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6223 FMO (ASx) | Date | **May 13, 2015** |
|---|---|---|---|
| Title | **Lily Jeung, et al. v. Yelp, Inc.** | | |

F.Supp. at 506.

  A. Whether Venue is Proper in the Central District of California.

  Under the venue statute, a "civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). The parties do not dispute that venue is proper in the Central District of California. (See, generally, Motion & Opposition to Motion to Change Venue 28 U.S.C. § 1404(a) ("Opp.")). Plaintiffs allege that "a substantial part of the events giving rise to the claims" took place in the Central District of California. (Complaint at ¶ 19). Plaintiffs also allege that Jeung, who has written approximately 1,100 reviews for Yelp, is domiciled in Los Angeles. (See id. at ¶ 24). Based on the foregoing, venue is proper in the Central District of California.

  B. Whether the Action Could Have Been Brought in the Northern District of California.

  An action is one that might have been brought in the transferee court where "the transferee court would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper." E. & J. Gallo Winery v. F. & P. S.p.A., 899 F.Supp. 465, 466 (E.D. Cal. 1994). Plaintiffs do not dispute that this litigation could have been brought in the Northern District of California. (See, generally, Opp.). At the time litigation commenced, the Northern District of California would have had subject matter jurisdiction over this case, as this case involves the FLSA, a federal statute. (See Complaint at ¶¶ 85-90). The additional claims are also subject to the court's supplemental jurisdiction, as they arise from the "same transaction or occurrence as the claim over which the court has unquestioned federal jurisdiction." Great Am. Ins. Co. v. Chang, 2013 WL 1632669, *3 (N.D. Cal. 2013) (internal quotation marks and citations omitted).

  Finally, defendant would have been subject to personal jurisdiction in the Northern District of California, as Yelp's headquarters and principal place of business are in San Francisco, California. (See Complaint at ¶ 30; Motion at 5); see Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.") (internal citations omitted); 28 U.S.C. § 1391(b)(1) (Venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."). Accordingly, the court finds that the instant action originally could have been brought in the Northern District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6223 FMO (ASx) | Date | **May 13, 2015** |
|---|---|---|---|
| Title | **Lily Jeung, et al. v. Yelp, Inc.** | | |

II. WHETHER TRANSFER SERVES THE CONVENIENCE OF THE PARTIES AND WITNESSES AND PROMOTES THE INTERESTS OF JUSTICE.

    A.    Forum Selection Clause.

The court first examines the enforceability of the forum selection clause, "[g]iven the weight accorded to forum selection clauses in a 28 U.S.C. § 1404(a) transfer analysis." Rowsby v. Gulf Stream Coach, Inc., 2009 WL 1154130, *2 (C.D. Cal. 2009). Forum selection clauses are "prima facie valid unless enforcement is unreasonable." Id. (internal quotations omitted) (citing M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972)). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." Doe 1 v. AOL, LLC, 552 F.3d 1077, 1083 (9th Cir.2009) A plaintiff may show that a forum selection clause is unreasonable if one of the following conditions is satisfied: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 457 (9th Cir. 2007) (internal citation omitted).

Here, Yelp's forum selection clause appears in its Terms of Service and provides that any claim is to be litigated in "state and federal courts located within San Francisco County." (Motion at 1; Id., Declaration of [Yelp Director of User Operations] Ian MacBean ("MacBean Decl.") at ¶ 4). The Terms of Service are linked on every page of Yelp's public websites and have been since 2007.[3] (See Motion at 1; MacBean Decl. at ¶ 3).

Plaintiffs concede that as early as 2004, Yelp's Terms of Service provided that potential litigants were to "agree to personal jurisdiction by and venue in the state and federal courts of the State of California, City of San Francisco." (Opp. at 12). Yelp users cannot post reviews, photos, or other content to the website without registering for a user account, and since as early as September 2008, the registration process included the statement: "By clicking the button below, you agree to Yelp's Terms of Service[.]" (Motion at 2; see MacBean Decl. at ¶ 3). Jeung registered as a Yelp user in November 2008. (MacBean Decl. at ¶ 10). Sayers registered in August 2007 and again in April 2010. (Id. at ¶ 12). Walchesky registered in February 2009. (Id. at ¶ 15). Therefore, all three plaintiffs had adequate notice of and agreed to Yelp's Terms of Service, which included the relevant forum selection clause.

Plaintiffs contend, in a cursory manner, that the Terms of Service are "unconscionable" and that there was no "meeting of the minds" between plaintiffs and Yelp. (See Opp. at ¶¶ 33-35). However, plaintiffs do not argue that there was any fraud or overreaching by Yelp. (See, generally, id.). Plaintiffs also contend – again, cursorily – that the Terms of Service are an

---

    [3] While the Terms of Service have been revised several times over the years, the forum selection clause has been consistent. (See MacBean Decl. at ¶¶ 5-6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6223 FMO (ASx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | Lily Jeung, et al. v. Yelp, Inc. | | |

"attempt by Yelp to cleverly take away the fundamental rights to a fair trial," (id. at ¶ 33), but provide no support for their contention. Under the circumstances, the court is not persuaded that plaintiffs would "effectively be deprived of [their] day in court were the clause enforced," and plaintiffs do not argue that "enforcement would contravene a strong public policy of the forum in which suit is brought." Holland, 485 F.3d at 457. In short, the court finds the forum selection clause is valid, and this factor – while not dispositive, see Unisys Corp. v. Access Co., 2005 WL 3157457, *5 (N.D. Cal. 2005) – weighs substantially in favor of transfer.

    B.    Where the Relevant Agreements Were Negotiated and the Parties' Contacts Relating to the Causes of Action.

Plaintiffs contend that they should be "compensated in wages for labors expended" for Yelp, as they have collectively written nearly 3,000 reviews for the site. (Complaint at ¶¶ 1 & 20-29). The three named plaintiffs are domiciled in three different states: Oregon, California, and Pennsylvania.[4] (See id. at ¶¶ 20, 24 & 27). In addition, plaintiffs do not suggest that the bulk of their activity on Yelp was done in the Central District of California. (See, generally, id.). Instead, plaintiffs merely imply that the "vast majority" of Yelp's writers are in the Central District of California, apparently because several of Yelp's most-reviewed restaurants are located in Los Angeles. (See, generally, id.; Opp. at ¶¶ 3 & 11). In contrast, Yelp is headquartered and has its principal place of business in San Francisco. (See Motion at 5). Also, Yelp's management, product, engineering, finance, user operations, and accounting teams are all based in San Francisco, and thus "most of the potential witnesses in this case are likely to be located in the Northern District." (Id. at 5 & 10; MacBean Decl. at ¶¶ 18-23). In short, this favor weighs in favor of transfer.

    C.    Plaintiff's Choice of Forum.

"The general rule is that a plaintiff's choice of forum is afforded substantial weight." Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001). However, the weight granted to "plaintiff's chosen venue is substantially reduced where [it] . . . lacks a significant connection to the activities alleged in the complaint." Id. (internal quotation marks omitted). Indeed, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (footnote omitted). In addition, "the Ninth Circuit like other courts, has noted that the weight to be given the plaintiffs choice of forum is discounted where the action is a class action." Metz v. U.S. Life Ins. Co., 674 F.Supp.2d 1141, 1146 (C.D. Cal. 2009) (internal quotations and citations omitted). Finally, in cases involving a forum selection clause, courts are "not deferential to the Plaintiff's original choice of venue" because the clause itself is a "manifestation of the parties' preferences as to a convenient forum." Rowsby, 2009 WL 1154130, at *4.

---

    [4] Defendant disputes Jeung's actual state of residence, alleging that Jeung's public records indicate that she lives and works in Oregon. (See Motion at 4, 11 &13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6223 FMO (ASx) | Date | **May 13, 2015** |
|---|---|---|---|
| Title | **Lily Jeung, et al. v. Yelp, Inc.** | | |

In the instant matter, the court is not persuaded that the Central District of California has a "significant connection" with the activities alleged in the Complaint. As discussed above, two of the three named plaintiffs are from Oregon and Pennsylvania, respectively. (See Complaint at ¶¶ 20 & 27). Further, plaintiffs' main arguments seem to be not much more than speculation, i.e., that Yelp "has the vast majority of plaintiff writers in the Central District of California" and "Southern California is by far the depository of the deep well of labors." (Opp. at ¶¶ 3 & 9). Finally, because this matter is a putative class action and one that involves a forum selection clause, the weight given to plaintiffs' choice of forum will be heavily discounted. See Metz, 674 F.Supp.2d at 1146; Rowsby, 2009 WL 1154130, at *4. In short, this factor weighs in favor of transfer.

  D. The State Most Familiar with the Governing Law.

Because defendant seeks to transfer this matter to another district in the same state, (see Motion), this factor is inapplicable.

  E. Differences in Costs of Litigation.

Defendant contends that "costs, both in time and expense, would be far less if the case were transferred," since it has more potential witnesses, documents, and contacts with the Northern District of California. (Motion at 10-13; MacBean Decl. at ¶¶ 18-23). Plaintiffs, for their part, contend that Yelp's Terms of Service were implemented to "run up the cost of prosecuting this litigation by demanding that far off venue." (Opp. at ¶ 33). However, plaintiffs offer no support for this argument. (See generally, id.). Given that defendant's headquarters and principal place of business are in San Francisco, (see Motion at 5; MacBean Decl. at ¶ 17), the court is persuaded that this factor weighs in favor of transfer.

  F. Convenience of Witnesses.

"The convenience of the witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc., 2002 WL 32831640, *8 (E.D. Cal. 2002) (internal quotation marks omitted). Because a key factor when considering transfer of venue is the convenience of witnesses, courts routinely transfer cases when the principal witnesses are located in another venue. See, e.g., Fodor v. Berglas, 1994 WL 822477, *3-5 (C.D. Cal. 1994).

As stated above, defendant contends that "most of the potential witnesses in this case are likely to be located in the Northern District." (Motion at 10; MacBean Decl. at ¶¶ 18-23). Specifically, defendant points to Eric Singly, vice president of consumer products at Yelp and a head product designer, and Jose Martin, head of human resources, as two individuals based in San Francisco who "may potentially have relevant information regarding the issues in this case." (Id.). Also, defendant asserts that its management, product, engineering, finance, user operations, and accounting teams are all based out of San Francisco, and that its employees in the Central

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6223 FMO (ASx) | Date | **May 13, 2015** |
|---|---|---|---|
| Title | **Lily Jeung, et al. v. Yelp, Inc.** | | |

District of California are "lower level employees involved primarily in advertising sales and marketing, and . . . unlikely to possess information that is directly relevant to the issues in this case[.]" (Id. at 5; see MacBean Decl. at ¶ 23).

Plaintiffs respond by stating that the "Central District is the second largest metro area in the country and the largest area of Yelp, Inc. labors [sic] in the country." (Opp. at ¶ 12). They assert that the "mother-lode of Yelp laborers" and "more than 143 witnesses potentially for deposition and trial" are located in the Central District of California. (Id. at ¶¶ 7, 13 & 17). Plaintiffs also point to two specific witnesses, Mariyam M. Doe of Los Angeles and Sunny "Sunshine" L. of Rowland Heights, as having "personal knowledge of Yelp's Right to Control of these plaintiff writers" and being "key" to the proceedings, respectively. (Id. at ¶¶ 12-15). Plaintiffs' assertions are unpersuasive.

First, plaintiffs do not adequately establish that Central District of California is indeed the "mother-lode" of Yelp "laborers." Yelp operates a website used by people all over the United States; indeed, two of the named plaintiffs reside in states outside of California. (See Complaint at ¶¶ 20 & 27). Further, the two witnesses referenced by plaintiffs appear to be Yelp users who are simply unhappy with Yelp's guidelines regarding how reviews are to be written. (See Opp. at ¶¶ 12-15). The court is also not persuaded that transferring this matter to the Northern District of California will prevent them from serving as witnesses in this matter. In short, the convenience of witness factor slightly favors defendants.

G. Convenience to the Parties.

As stated above, Yelp is headquartered and has its principal place of business in San Francisco, (see Motion at 5), meaning it would be more convenient for defendant to litigate this matter in the Northern District of California. Plaintiffs do not make any particular arguments regarding convenience, although presumably, the Central District of California would be more convenient due to the plaintiffs' alleged witnesses in the district. (See Opp. at ¶¶ 11-17). Therefore, this factor is neutral to the court's assessment regarding transfer of venue.

**CONCLUSION**

For the reasons stated above, the court believes that transfer to the Northern District of California serves the interests of justice and other convenience factors.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Yelp's Motion to Transfer Under 28 U.S.C. § 1404(a) **(Document No. 10)** is **granted**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-6223 FMO (ASx)** | Date | **May 13, 2015** |
|---|---|---|---|
| Title | **Lily Jeung, et al. v. Yelp, Inc.** | | |

    2. The Clerk shall transfer this case forthwith to the United States District Court for the Northern District of California.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |