UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LILY JEUNG, et al.,

    Plaintiffs,

v.

YELP INC.,

    Defendant.

Case No. 15-cv-02228-RS

**ORDER DENYING "MOTION FOR ADMINISTRATIVE RELIEF"**

Both before and after the transfer of this action to this district, plaintiffs have filed various pleadings with confusing titles in the captions and/or garbled descriptions and/or incorrect event types in the electronic docket entries. As a result, the court in the Central District issued several orders striking certain of plaintiffs' submissions. Complaining that plaintiffs' filings in this district failed to comply with the local rules on notice, and that various ambiguities now exist as to what motions are pending and as to the briefing schedules, defendant seeks "administrative relief" under Local Rule 7-11. Defendant requests an order vacating the current hearing, and postponing at least one of plaintiffs' motions until after a case management conference has been held.[1]

Docket entries characterized as motions filed by plaintiffs in the Central District appear at Dkt. Nos. 31, 32, 34, 35, 40, 41, and 45. The record is clear, however, that all of these documents

---

[1] Most of the relief defendant seeks more properly would be characterized as a motion to change time under Local Rule 6-3, than a motion for administrative relief under Rule 7-11. Defendant's omission of a citation to that rule, however, is not critical.

except Dkt. Nos. 40 (a motion for sanctions) and 45 (a motion for "preliminary certification of a collective action") were stricken by the court prior to transfer. See Orders at Dkt. Nos. 33, 39, and 41.[2] Accordingly, at the time of the transfer, plaintiffs' only pending motions were Dkt Nos. 40 and 45.

After transfer, plaintiff filed a document renoticing those two motions for June 25, 2015. See Dkt. No. 56. While the title on the document and its text were reasonably clear, plaintiffs confusingly docketed it as a "motion to continue." More problematically, plaintiffs failed to set the hearing in the ECF system, with the result that no briefing schedule appeared in the docket entry. It is counsel's responsibility to learn to use the ECF system correctly, and he is hereby directed to undertake appropriate steps to ensure that he and/or his office staff can file and docket pleadings in the proper manner.

Apart from technical errors in docketing, the problem with the renotice at Dkt. No. 56 is that plaintiffs failed to comply with the minimum 35 days' notice period prescribed by Civil Local Rule 7-2(a). While plaintiffs may have believed the prior pendency of the motions in the Central District warranted a shorter notice period here, they were not entitled unilaterally to ignore the rule.

Ultimately, however, the Court reset plaintiffs' motions for July 9, 2015, to coincide with defendant's pending motions. At this juncture, defendant has also had well more than 35 days' notice of plaintiffs' motions. Accordingly, defendant shall file any oppositions to plaintiffs' motions by June 18, 2015. Any replies shall be filed by June 25, 2015.

The Court reserves the option of deferring consideration of the certification motion until after the motion to dismiss has been decided and/or until a case management conference has been held. Additionally, any or all of the motions set for July 9, 2015 may be taken under submission without oral argument pursuant to Civil Local Rule 7-1(b), in which event further notice to that

---

[2] One additional document was docketed as a motion at Dkt. No. 36. As the Central District specifically pointed out in a notice at Dkt. No. 37, that document plainly was a declaration in support of the motion at Dkt. No. 35 (later stricken), not an independent motion.

effect will be given.

**IT IS SO ORDERED**.

Dated:  June 10, 2015

_____
RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California