UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LILY JEUNG, et al.,

    Plaintiffs,

    v.

YELP INC.,

    Defendant.

Case No. 15-cv-02228-RS

**ORDER DENYING "EX PARTE" RELIEF, VACATING HEARING**

Plaintiffs have filed what they have labeled as an "ex parte" motion to shorten time, a request for injunctive relief against the California State Bar, and a motion for leave to amend their complaint to add the Bar as a defendant, as well as to add the claims upon which the request for injunctive relief is based.[1] Plaintiffs seek to have their motions heard on July 9, 2015, at the time presently set for other motion practice in this case.

Plaintiff's counsel is currently the subject of disciplinary proceedings by the Bar. Counsel asserts those proceedings were wrongfully initiated at the instigation of defendant Yelp and its attorneys in response to his attempts to pursue his clients' claims in this action. Although the Bar proceedings apparently include some inquiry into counsel's conduct in this matter, there is no

---

[1] A motion to shorten time under Local Rule 6-3 is not brought *ex parte* nor have plaintiffs established grounds to seek any other relief without notice. Nevertheless, notwithstanding the "ex parte" label, plaintiffs' papers were in fact served on the existing defendant automatically through the ECF system, and plaintiffs assert that notice was also given to the proposed new parties.

basis for joining in this putative class action any claims he or his individual clients may have related to, or arising from, the disciplinary action.[2] Nor, even if counsel or his clients were able to state viable claims related to the disciplinary proceedings would there likely be any independent federal jurisdiction over such claims.  Accordingly, both leave to amend and the request for various forms of injunctive relief against the Bar are hereby denied.

Pursuant to Civil Local Rule 7-1(b) the motions previously set for hearing on July 9, 2015 are suitable for disposition without oral argument.  The hearing is therefore vacated.

**IT IS SO ORDERED**.

Dated:  June 29, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[2] Nothing in this order should be understood as implying that counsel or plaintiffs have made even a *prima facie* case that they have cognizable claims against the Bar, or against Yelp or its counsel arising from the initiation or pursuit of the disciplinary proceedings.