UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY JEUNG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>YELP, INC.,<br><br>    Defendant. | Case No. 15-cv-02228-RS<br><br>**ORDER GRANTING MOTION TO DISMISS, GRANTING MOTION TO STRIKE, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION FOR PRELIMINARY CERTIFICATION OF COLLECTIVE ACTION** |

Defendant Yelp, Inc. operates a popular website that describes itself as "the best way to find great local businesses." The website provides a search function that allows users to locate reviews of businesses in a given geographical area, categorized by the type of business and services offered. Plaintiffs in this putative class action seek to establish that Yelp has a legal duty under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., ("FLSA") to treat persons who write reviews appearing on the website as employees, and to compensate them accordingly. Now pending are (1) Yelp's motion to dismiss, (2) Yelp's "special" motion to strike under California's so-called "Anti-SLAPP" statute, (3) plaintiffs' motion for sanctions, and (4) plaintiffs' motion for "preliminary" certification of the matter as a collective action. Pursuant to Civil Local Rule 7-1(b), the motions have been submitted without oral argument, and will be disposed of as set out below.

1. Motion to dismiss

Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The first part of this requirement—"a short and plain statement of the claim" —cannot be read without reference to the second part —"*showing* that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

The *Iqbal* court explained that the *Twombly* decision rested on two separate "working principles."

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-50.

The second principle of *Twombly* is that even where a complaint pleads more than legal conclusions, it still may not be sufficient.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1950.

Here, each of the three named plaintiffs alleges that he or she "was hired by Yelp, Inc. as a writer and she[1] fulfilled that job description and job functions." Each plaintiff allegedly was "directed how to write reviews and given other such employee type direction from employer defendant." Yelp allegedly controlled each plaintiff's "work schedule and conditions." Two of the three plaintiffs are alleged to have been "fired" with "no warning [and] a flimsy explanation."

In some circumstances, allegations like these, couched in the language of factual assertions, might suffice to plead the existence of an employee-employer relationship. Under *Twombly* and *Iqbal*, however, a court must "draw on its judicial experience *and common sense*" to evaluate whether a complaint states a plausible claim for relief. A reasonable inference to be drawn from the complaint, and from plaintiffs' arguments,[2] is plaintiffs use the term "hired" to refer to a process by which any member of the public can sign up for an account on the Yelp website and submit reviews, and the term "fired" to refer to having their accounts involuntarily closed, presumably for conduct that Yelp contends breached its terms of service agreement.[3] A further reasonable inference is that plaintiffs and the putative class members may contribute reviews under circumstances that either cannot be reasonably characterized as performing a service to Yelp at all,[4] or that at most would constitute acts of volunteerism.

---

[1] The complaint uses the feminine pronoun for all three plaintiffs.

[2] The parties dispute the extent to which it would be appropriate on a motion to dismiss to consider such documents as Yelp's terms of service, which are referred to only obliquely in the complaint. Resort to such materials, however, is unnecessary in light of the Court's obligation to apply "common sense" given what plaintiffs have said in the pleadings about Yelp's operations.

[3] Plaintiffs appear to be focusing additionally on promotional programs Yelp operates to encourage members to become highly active contributors of reviews and to have those reviews conform to certain standards.

[4] That Yelp may realize financial profit from publishing the reviews written by plaintiffs and other putative class members (through third-party advertising on the website) does not necessarily mean that the writers are performing a service for Yelp.

If plaintiffs and other putative class members are, at most, volunteers, no claim under the FLSA will lie. "While the statutory definition [of "employee"] is exceedingly broad . . . it does have its limits. An individual who, 'without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit,' is outside the sweep of the Act." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985) (quoting *Walling v. Portland Terminal Co*., 330 U.S. 148, 152, (1947)). Accordingly, plaintiffs' mere conclusory allegations that they were "hired" and "fired" by Yelp, and given "employee type direction," are insufficient to state a plausible claim under the FLSA in this context.[5]

Accordingly, the complaint must be dismissed. While it appears dubious that plaintiffs will be able to allege in good faith facts sufficient to show any type of employment relationship,[6] or other basis on which they can pursue a claim for compensation for reviews submitted to Yelp, leave to amend will be granted. Any amended complaint shall be filed within 20 days of the date of this order.

2. Anti-SLAPP

Yelp argues that plaintiffs' state law claims represent a Strategic Lawsuit Against Public Participation ("SLAPP") within the meaning of California's anti-SLAPP statute. *See* Cal.Civ.Proc.Code § 425.16. California enacted the anti-SLAPP statute "in response to the

---

[5] Plaintiffs' state law claims, which their briefing does not separately address, fail for similar reasons. In the absence of some kind of employment relationship or other circumstances not pleaded here, plaintiffs have no cognizable claim for "*quantum meruit*" or "unjust enrichment."

[6] Portions of plaintiffs' complaint, and much of their briefing, focus on the legal distinctions between employees and independent contractors. Those allegations and arguments are misdirected. The issue is not whether Yelp is treating as independent contractors individuals who actually qualify as employees. Plaintiffs' citations to cases involving such questions, and to the factors relevant to that distinction, are not helpful. The relevant questions are (1) whether plaintiffs can be seen as working for Yelp at all, and, if so, (2) whether they are employees as opposed to volunteers, not employees as opposed to independent contractors. "The test of employment under the [FLSA] is one of 'economic reality.'" *Alamo* 471 U.S. at 301.

legislature's concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999). The statute was designed to allow courts "to promptly expose and dismiss meritless and harassing claims seeking to chill protected expression." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 682 (9th Cir.2005). The statute provides that a party may file a motion to strike a cause of action against it if the complaint "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal.Civ.Proc.Code § 425.16(b)(1). The statute is to be "construed broadly." *Id*. § 425.16(a); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir.2003).

"A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry." *Vess*, 317 F.3d at 1110. First, the defendant must make a prima facie showing that the plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech." *Id*. (internal quotation marks omitted). "Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id*. (internal quotation marks omitted). The defendant bringing a motion to strike "need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech" or "that any speech was actually chilled." *Id*.

Plaintiffs offer a strident argument, marked by *ad hominem* attacks on counsel, that the anti-SLAPP statute is inapplicable because they merely seek to hold Yelp liable under quasi-contractual theories for non-payment of wages, not for exercising any free speech rights. A plaintiff's theory of liability, however, is not relevant to the question of whether the claim "arises from" a defendant's exercise of free speech rights. As alleged, Yelp publishes information—reviews—regarding the services and goods various business establishments offer to the public. Plaintiff's claims plainly arise from that conduct, which undisputedly involves speech on matters of public interest.

Accordingly, the first prong of the anti-SLAPP analysis is satisfied. In light of plaintiffs'

failure even to allege a viable claim, the second prong is also met, and the motion to strike is appropriately granted, even though the claims are also subject to dismissal under Rule 12(b)(6). Yelp is cautioned, however, that under the circumstances here, the mere fact that its motion to strike is being granted does not support a right to recover attorney fees, at least at this juncture. *See Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010) (quoting in part *Mann v. Quality Old Time Serv., Inc.*, 139 Cal.App.4th 328, 340 (2006))( "a party is not considered to have 'prevailed' where 'the *results* of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion.'"); *see also Moran v. Endres*, 135 Cal.App.4th 952, 955 (2006) ("The possible recovery against defendants did not change. The factual allegations which defendants had to defend did not change. The work involved in trying the case did not change . . . . The case was essentially the same after the ruling on the special motion to strike as it was before. The results of the motion were minimal and insignificant, fully justifying the court's finding that defendants should not recover fees.")

### 3. Motion for sanctions

Plaintiffs seek sanctions against Yelp and its counsel.  Although the precise basis of plaintiffs' complaints and the scope of the relief they seek are difficult to discern from their rambling and invective-filled papers, the gist appears to be a contention that Yelp did not exercise good faith in connection with a court-ordered mediation session, and that it should therefore be placed into "default" status until it funds and participates in a new mediation session, and pays monetary penalties to the court.  Plaintiffs have failed to make a persuasive showing that Yelp or its counsel engaged in sanctionable misconduct, or that the relief they seek would be warranted in any event.  The motion for sanctions is denied.

### 4. Motion to certify

In light of plaintiffs' failure to plead a viable claim under the FLSA, their motion for preliminary certification is denied.

CASE NO. 15-cv-02228-RS

**IT IS SO ORDERED**.

Dated:  August 13, 2015

_____
RICHARD SEEBORG
United States District Judge